Thank you, Your Honor. Dick Herman for Ms. Feliz as guardian ad litem for her daughter LPF. What did you just say? Dick Herman, and I am the attorney for the appellant who is Leslie Feliz, who is the guardian ad litem for LPF, who is her daughter, a minor. All right. I got it. And, you know, I really owe everybody an apology. I owe my clients an apology. I owe Judge Carney an apology. I owe you an apology. There was a very interesting legal issue in this case, which is about the Fourth Amendment right and whether the daughter could assert it if the wife didn't assert it. And I raised it, and I briefed it, and I focused the judge's attention. I had a smart judge below, a judge who gets it normally. And I thought, well, this is interesting. Let's see where he goes. Well, by focusing his attention on the Fourth Amendment claim, he literally threw out the baby with the bathwater because he forgot about the Fourteenth Amendment claim. And when I pointed out to him that the minor child of a prisoner who dies in a jail has a Fourteenth Amendment claim for the familiar relationship with her father, he sort of said, well, you know, I've made my decision. Good-bye. Could you file a ---- When you pointed it out, was that in a post-ruling motion for reconsideration? It was a motion for reconsideration. And the judge said, well, no, gee, I'm not really going to reconsider. And then there, I mean, the judge ---- There was a motion to dismiss, is that what it was? There was a 12b-6, which the judge converted. To a summary judgment. To a summary judgment. Was the 12b-6 only as to the derivative claim? No, the 12b-6 was to everything. And then the judge ordered at page 91 of the excerpts that at the very bottom he says, we want to include briefing. The Court requests the parties to include briefing and additional evidence related to the following issue, whether LPF has standing to bring section 1983 in wrongful death action on behalf of the decedent. And that's the Fourth Amendment claim. It's not the Fourteenth Amendment claim. So we brief it, we do everything. And actually, if you look at what the defendants did, I mean, the defendants at page 86 give you the conclusions of law, and they say, well, no, the wife has it, not the son, not the daughter. It's the daughter. Not the daughter. Kagan. When you say it, we're talking about the judge was concerned about standing to bring claims that belong to the estate as opposed to claims that were personal to the child. Yes. That's what we briefed. Right. That's what he directed you to brief. Yes. You can imagine my surprise when my paralegal said, we had bad news from Judge Carney. I said, we had bad news from Judge Carney. We love Judge Carney. He said, no, he threw the case out. I said, we didn't throw the case out. All he can do is say, no, we can't raise the Fourth Amendment claims, which is interesting, but okay. And then the other thing. So, counsel, are you appealing that? I did appeal that. It doesn't sound like it today. That's why I'm asking. But I don't, you know, Your Honor. Isn't that correct? The child doesn't have standing to bring those claims, does she? Or if she does, now would be the time to tell me. Well, it becomes very interesting, because in the record, there is a wife who has a child, and there's my client who has another child. Right. And there's no doubt that everybody's the child. Right. But what why doesn't the surviving spouse have standing to bring the claims that belong to the estate? She does, but she didn't do it. She brought a lawsuit, which was removed, went to the judge. I mean, it becomes ‑‑ it's interesting what everybody did, but ‑‑ and gets dismissed. So now those claims are dead unless my client is permitted to bring them. And that's the question. There is one case which says, for instance, if the wife were deceased, my client would clearly be able to bring those claims. She wasn't. But she's not. Isn't there a notion as well that the ‑‑ and this is a sidetrack to what you're really trying to accomplish here, but that the dismissal of the claim brought on behalf of the estate is essentially res judicata anyway? All claims that were brought or could have been brought. Yes. Yeah. So it isn't ‑‑ what would have happened had she never brought it is one thing. She did bring it, and it was dismissed. It's true. So let's put this one aside, and let's go to the other one. Right. So the real question is the 14th Amendment. So what ‑‑ did you appeal only from the motion to reconsider here? I appealed for the motion to reconsider, but ‑‑ Not from the original decision. Not from the original decision. That's what the notice of appeal says. But, you know, come on, Your Honors. This isn't form over substance. The substance is my client has a claim. It got dismissed incorrectly. And what's really going on at page 9 of the excerpts, I get something that, you know, I mean, I'm going to say it. I'll put it on the record. I love Judge Carnley. Judge Carnley is a wonderful Irishman. And what he was saying to me was, look, the scene's gone to hell, and you're going to want to state court. That's what he was really saying between the lines. And forgive me for being bold, but ‑‑ and that's what he says at page 9 of the transcripts. He says, The court directs the court to serve a copy of this order denying Plaintiff's motion to reconsider. In the related case entitled Megan Clevenger, which is the wife's case, the court's order refers this case and suggests that this action be dismissed and that Ms. Clevenger pursue her State law claim for wrongful death in State court. But he's told me ‑‑ But she essentially has ‑‑ he's forgotten about the fact that there was a Federal wrongful death claim. Right. In both cases. In both cases. And this is the wife's case, the wife's case which gets removed. So that's what he's saying, and I understand what he's saying, and I frankly told him what he was saying. And, you know, he doesn't hold it against me, and I hope you don't hold it against  me, but civil rights cases belong in Federal court. We can't hold anything against you because you're so charming. Thank you, Your Honor. Your Honor. You got him on a good day. It is a pleasure that is unexpected to be before you. I've been before you many times, and as one of the last standing civil rights lawyers  And that's the point. The point is that civil rights cases belong in Federal court, because the Federal courts understand that they are the defenders of civil rights. Doesn't it? I mean, if it's a proper 1983 case, it has a right to be in Federal court. Sure. The question is, was there some procedural reason that this thing fell through the cracks? So let's hear what your opponent has to say. All right. The issue that was raised on this appeal is whether the district court abused its discretion when it granted the or denied the motion for reconsideration. During the motion to the dismissal. I didn't. I mean, it appears that this was in the complaint. It was at least mentioned in the original opposition to the dismissal, but it wasn't that issue, really. The standard is whether it was a failure to consider any material fact, and this seems to me to come within it. I don't understand why not. He just forgot about it. Isn't that right? The district court issued an order back in December 7th saying that the plaintiff essentially has two claims, a 1983 claim against the estate and then a wrongful death claim under State law. The plaintiff never said, no, wait, I've got this 14th Amendment claim, too, that you're missing. And there was another order on January 27th where the court asked the parties to brief the dispositive threshold issue as to whether LPF was a proper party. This April order, what is the order about? The December 7th, it was December 7th. Okay, December 7th. What is it? It was an order granting in part the first motion dismissed that was filed to the original complaint. But isn't, going to Judge Berzon's question, isn't opposing counsel right that the trial court overlooked this one? I don't think that it was ever clear. There's some mention in the complaint about 14th Amendment. It's not a mention. It's perfectly clear. It couldn't be clearer that this is a separate also, and then he goes on and says this is a separate claim. It's a separate claim. There's no doubt about it. They were lumped together into one cause of action in the complaint. The daughter has the cause of action, right? She has standing to bring the claim. Or if you're disputing that, this would be the time to speak up. There are certain circumstances when a child can bring a 14th Amendment claim in a wrongful death situation. Okay. I don't think that it was properly pled here, but there are situations. I will agree with that. Okay. So in addition to your argument that you don't think it was properly pled, what are your other arguments? It's not an abuse of discretion because why isn't this an error of law? On the actual motion to reconsideration that was filed, Plaintiff's counsel never actually told the court, hey, wait, I have this 14th Amendment claim, I pled it, you wrongfully dismissed it, you need to bring it back, and here's why. What happened in the motion for reconsideration is he told the district court, wait, you're forgetting the fact that the wife is in default, and therefore, I have some claim, and the judge rightfully concluded the wife being in default has nothing to do with LPF's standing. But that sounds to me like a good reason why the judge may have made this error. It sounds like what you're saying is he didn't make the right argument. But if it's an error of law and we're concerned that a minor child is losing her claim, which we clearly are, what's your response to that? And I'm going to say, excuse me, reconsideration. This is the motion to reconsider. Plaintiff's relied on defendant's opposition to Plaintiff's motion for reconsideration. LPF has an independent 14th Amendment claim because of the death of her father and because of the deliberate indifference of the defendant, which is entirely separate from the survival rights of the estate under the probate claim. What's not clear about that? I'm sorry. What page of the record are you looking at, Your Honor? I'm looking at, I think, 14. It's the motion to reconsider. On reading the motion for reconsideration, it only says that Defendant Stephen Clevenger died in custody of the Orange County Sheriffs, and there was no reason to apply to defendant's opposition. I apologize. In the reply, he's asserting, okay, I'm now telling you in the reply for the first time that there's this 14th Amendment claim, but he's never explaining to the court why you failed to consider it sooner and not properly addressing it in the motion for reconsideration.  And the court was never told about this claim. Kagan, even if it had never been raised, it's an error of law. Is there any prejudice to your client? Because there's a lot of prejudice to this minor child, so. I don't know that there's prejudice to the minor child. The court did not get rid of the wrongful death claim under California law. The court said, I'm not going to exercise supplemental jurisdiction, but that's a valid claim, and the same damages that would be brought forth in the 14th Amendment claim are the same as the wrongful death. What's the prejudice to your client if we correct this error of law? That there's significant time that is passed on this case, that witnesses may have been lost. Which you're going to have to talk about anyway in the State wrongful death action, right? I mean, it's the same set of circumstances, isn't it? I don't see a difference, but it's truly – I'm not trying to be flip if there's a difference I want you to point out to me. Well, the State wrongful death action actually could have been brought sooner by plaintiff's counsel, but it was not. Instead, he opted for this appeal. Okay. So we are where we are. And I'm not hearing that there's going to be prejudice to your client if we correct this error. I don't believe that there was an error made under the record of this case. There was no abuse of discretion. Okay. And to speak briefly as to the Fourth Amendment claim, because I didn't hear appellant counsel say that he was dropping that issue, that claim has already been adjudicated. There is a judgment against the estate as to the Weiss claim. So LPF cannot step in and bring in a claim to which a judgment has already been entered. If the panel has no further questions, I will submit. Thank you. I'll withdraw the Fourth Amendment claim, Your Honors. You have to talk. We have two microphones. I'll withdraw the Fourth Amendment claim, so we don't have to do that. My concern is the Fourteenth Amendment claim, and as I say, I apologize. It was all my fault. It was an interesting issue, and it confused everybody. Thank you very much. Thank you. Really a pleasure to see you, Your Honor. You have no more questions. I'm sorry. No, no. You have no more questions, ma'am. You have no more questions, ma'am. Thank you very much. Thank you. All right.
judges: Pregerson, Berzon, Christen